IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE J. HILL, | : | |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 98-CV-1769 |
| | : | |
| JAMES PRICE, *et al.*, | : | |
|     Respondents. | : | |

<u>MEMORANDUM</u>

**TUCKER, J.**                                                                                                                                            February 1, 2022

*Pro se* Petitioner Dwayne J. Hill has filed a "Motion to Modify Judgment" which requests relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (*See* ECF No. 45.) Hill seeks to reopen the judgment that denied his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I.     BACKGROUND**

In 1991, Hill was convicted of second-degree murder and other crimes. *See Hill v. Glunt*, Civ. A. No. 12-0662, 2013 WL 4823151, at *1 (E.D. Pa. Sept. 6, 2013). He was sentenced to life imprisonment. *Id.* After failing to obtain relief on appeal or through the state post-conviction process, Hill filed his first habeas petition in this Court in 1998. *Id.* Magistrate Judge Peter B. Scuderi issued a Report and Recommendation recommending that the petition be dismissed with prejudice; the Report and Recommendation was adopted by the Honorable Louis H. Pollack, who was originally assigned to this case. *Id.* The United States Court of Appeals for the Third Circuit declined to issue a certificate of appealability. *Id.* Hill's subsequent efforts to obtain relief in both state and federal court were unsuccessful. *Id.* at *1-3; *In re: Hill*, No. 19-

3347 (3d Cir.) (Oct. 15, 2021 Order denying Hill leave to file a second or successive petition); *Hill v. Harry*, Civ. A. No. 15-3021 (E.D. Pa.) (June 11, 2015 Order dismissing petition as successive).

In the current Motion, Hill seeks relief pursuant to Rule 60(b). Hill asserts that he is "challenging his conviction and subsequent sentence, alleging that they were obtained in violation of the Constitutional and/or laws, and therefore [he] is being confined illegally." (ECF No. 45 at 2.)[1] Specifically, he contends that the Commonwealth withheld material evidence of his innocence in violation of *Brady v Maryland*, 373 U.S. 83 (1963). (*Id.* at 2-3.) Hill also contends that the Commonwealth failed to disclose unspecified impeachment evidence and improperly obtained a "death qualified jury." (*Id.* at 3-4.) He adds that "the District Attorney who tried this case was fired in 2017 for prosecutorial misconduct" and deliberately withheld evidence in Hill's case. (*Id.* at 4.) Based on those arguments, Hill asks the Court to modify its judgment to "grant the writ of habeas corpus correcting or vacating the judgment of sentence" and to discharge him "immediately." (*Id.* at 5.)

**II.     STANDARDS**

    **A.     Federal Rule of Civil Procedure 60**

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

### B.      Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[2] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

---

[2] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

## III. DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Hill's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear. Hill expressly seeks to raise new habeas claims based on alleged constitutional defects in his conviction and sentence, rather than assert a procedural defect based on the manner in which his habeas petition was adjudicated. Therefore, the Motion must be construed as an unauthorized second or successive habeas petition. Because Hill has not received authorization from the Court of Appeals to file another federal habeas petition, this Court lacks jurisdiction to consider the claims raised in his 60(b) Motion.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

> BY THE COURT:
>
> /s/Petrese B. Tucker
> _____
> **PETRESE B. TUCKER, J.**